# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| GEOFF MINOR, an individual; and MINOR ENTERPRISES, LLC, d/b/a The Metal Shop Gold & Silver, a Washington Limited Liability Company, | No. 88718-1-I |
| Appellants, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| MARK KIMBALL, an individual; and MDK LAW, a Washington Limited Liability Company, | |
| Respondents. | |

FELDMAN, J. — Geoff Minor and his business, Minor Enterprises (collectively "Minor"), appeal from the trial court's summary judgment dismissal of their legal malpractice and breach of fiduciary duty claims against Minor's former attorney, Mark Kimball, and Kimball's law firm, MDK Law (collectively "MDK Law"), arising out of MDK Law's representation of Minor in a dispute with its landlord (the Underlying Litigation).  Applying *Paradise Orchards General Partnership v. Fearing*, 122 Wn. App. 507, 94 P.3d 372 (2004), the trial court ruled that Minor's "failure to bring a CR 60(b) motion in the [Underlying Litigation] is a defense to this case."  Because *Paradise Orchards* does not support the trial court's dismissal of Minor's claims, we reverse the court's order granting MDK Law's motion for

summary judgment, vacate its order denying Minor's competing motion for partial summary judgment, and remand for further proceedings.

I

In July 2023, Minor hired MDK Law to provide legal services for issues arising out of a dispute with Minor's landlord and property manager. As demonstrated in its billing entries, MDK Law reviewed Minor's lease terms, drafted a notice of breach to the landlord, and drafted a complaint (the Underlying Complaint) that it then filed on January 12, 2024. MDK Law initially billed a total of $21,331 on the case but wrote off nearly two thirds of this total, collecting $8,400 from Minor. Attorneys James Ware and Leighton Bowman had performed the majority of the legal services on the matter, but Kimball also worked on the matter and his name was included on the signature block of the Underlying Complaint.

Following this initial activity, Minor and MDK Law's relationship soured. On February 8, 2024, Minor e-mailed Ware the following:

> I think you missed the most important parts of that last email. I would like to stop the service process and have a detailed conversation with you before moving forward. Please acknowledge that I have made this request and that I have also requested a phone call with you before doing anything else. Although maybe a sit down meeting is more appropriate at this time. It seems that we are at a disconnect.

Ware responded, "I will tell the process server to pause service and schedule a call. It will be sometime tomorrow afternoon."

However, one defendant, Kennedy-Wilson Properties Northwest, LTD (Kennedy-Wilson), had already been served with the Underlying Complaint. Ware informed Minor of this occurrence on March 14:

> So we recently found out that, in fact, one of the defendants was served with the summons and complaint. No counsel has appeared but we did have an attorney from another state reach out and state that local counsel was being retained. This puts a small wrinkle into our plan of sitting back for a couple of months. If counsel does appear we may need to voluntarily dismiss the lawsuit. That's no big deal because you can refile it later in the year. I'll keep you posted if local counsel actually appears.

This concluded MDK Law's work on the Underlying Litigation.

On May 3, Ware followed up with Minor about the final payment for MDK Law's legal services. Ware messaged Minor:

> As for withdrawing from the lawsuit, my intent was to withdraw from the pending lawsuit once you got new counsel so that the company was not without counsel in the lawsuit for any period of time. A company cannot represent itself pro se so the company will need counsel to appear in the case. Further, from a perception standpoint, it looks much better to have counsel replace us rather than we withdraw, your company is without counsel for a period of time, and then new counsel appears. Let me know how you would like to proceed.

Minor responded on May 6, stating:

> My apologies. I did not understand the process. I thought you were going to send me withdrawal paperwork first and then I would finalize things. Your way makes much more sense as you have explained it. I have not retained new counsel as of yet, so I appreciate you waiting to withdraw until I have done so. I will start working on that. I have paid the final invoice through the portal and will follow up with you once I have retained new counsel.

According to Kimball, Minor also instructed MDK Law "not to do any further work on his case."

In June 2024, Ware left MDK Law. Soon thereafter, on June 19, a former paralegal at MDK Law e-mailed Minor, stating:

> I am following up with you whether you have retained new counsel for your lawsuit yet? James Ware is no longer with MDK Law so

3

please use this email as contact moving forward.  I look forward to hearing back from you and hope that you are doing well.

Minor never responded to this email, and MDK Law never contacted Minor again regarding the ongoing litigation.

Meanwhile, the Underlying Complaint had been filed and the case had been assigned to Judge David Keenan in King County Superior Court.  An order setting civil case schedule providing the parties with discovery deadlines was entered on January 12, 2024.  Between July and September 2024, counsel for Kennedy-Wilson made numerous attempts to contact MDK Law to comply with the court's ordered discovery deadlines.  But throughout this time, MDK Law failed to respond to Kennedy-Wilson's discovery requests, request for a trial continuance stipulation, follow-up e-mails regarding discovery requests and the request for a trial continuance, and an e-mail requesting a CR 26(i) conference,

Counsel for Kennedy-Wilson also sent MDK Law an Outlook invitation for a CR 26(i) conference scheduled for September 6, which Kimball declined on September 3.  In the following weeks, MDK Law also failed to respond to several follow-up e-mails and phone calls from opposing counsel.  Finally, on September 11, Kimball answered one of opposing counsel's phone calls and stated that he would provide an update in a day or two.  But Kimball never followed up or answered opposing counsel's subsequent phone calls or e-mails.

On October 1, 2024, Kennedy-Wilson filed a motion to compel Minor to comply with discovery requests and a motion for an order to show cause regarding Minor's failure to comply with the case scheduling order.  When MDK Law did not respond to either motion, Judge Keenan granted the motions.  Judge Keenan

4

ordered Minor to provide complete discovery responses within 10 days and to appear at a hearing on October 29, 2024 "to show cause as to why the Court should not sanction Plaintiff for failing to comply with the Court's Case Schedule." When MDK Law failed to provide any discovery responses within 10 days as ordered by the court, Kennedy-Wilson filed a motion to compel Minor's compliance with the court's orders and a motion for fees.

MDK Law failed to appear at the show cause hearing. Consequently, on November 7, 2024, Judge Keenan dismissed the Underlying Complaint with prejudice "[a]s a sanctions [sic] of Plaintiff for failure to prosecute this lawsuit and for failing to follow the case schedule" and awarded Kennedy-Wilson its "costs in preparing and filing its Motion to Compel and Motion for an Order to Show Cause in the amount of $2,138.50." MDK Law did not inform Minor that the lawsuit had been dismissed. Instead, Minor learned that its case had been dismissed from a third party in February 2025.

After Minor learned the Underlying Litigation had been dismissed, it filed the instant action against MDK Law on March 18, 2025, alleging legal malpractice and breach of fiduciary duties. Both Minor and MDK Law filed motions for summary judgment. MDK Law, relying on *Paradise Orchards*, argued Minor could not establish proximate cause because it never filed a CR 60(b) motion to vacate Judge Keenan's November 2024 order dismissing the Underlying Complaint with prejudice. Minor, in turn, argued the court should enter partial summary judgment in its favor on the issue of liability and requested disgorgement of the fees it paid to MDK Law.

The court held a hearing on the parties' summary judgment motions. MDK Law's argument focused on proximate cause, and it stated that the trial court "could assume for limited purposes of argument that the standard of care was violated." The court questioned Minor's counsel as to why he had not filed a CR 60 motion, and expressed confusion as to why Minor had not "even attempted to try the underlying issues of the initial complaint." The court subsequently granted summary judgment in favor of MDK Law and denied Minor's motion for partial summary judgment. In its order granting MDK Law's motion, the court concluded:

> Pursuant to *Paradise Orchards . . .* , the failure to bring a CR 60(b) motion in the underlying case is a defense to this case. Because plaintiffs have not sought relief they cannot prove they would have fared better but for Defendants' conduct.

In its order denying Minor's motion, the court likewise stated:

> There is a question as to whether Defendant's actions are the proximate cause of Plaintiff's harm. "[P]roximate cause boils down to whether the client would have fared better but for the attorney's malpractice." *Paradise Orchards General Partnership v. Fearing*, 122 Wn. App. 507 (2004) citing *Lavigne v. Chase, Haskell, Hayes & Kalamon*, 112 Wn. App. 677, 683 (2002) (citation omitted).

Minor filed a motion for reconsideration regarding both orders, which the trial court denied. This timely appeal followed.

II

Minor argues the trial court erred in granting MDK Law's summary judgment motion and denying its motion for partial summary judgment based on *Paradise Orchards*. We agree.

We review a trial court's summary judgment ruling de novo. *David v. Freedom Vans LLC*, 4 Wn.3d 242, 248, 562 P.3d 351 (2025). We undertake the

same inquiry as the trial court and consider the evidence and the reasonable inferences from it in the light most favorable to the nonmoving party. *State v. City of Sunnyside*, 3 Wn.3d 279, 296, 550 P.3d 31 (2024). "As this case is here on cross motions for summary judgment, we take the facts in the light most favorable to the nonmoving party with respect to the particular claim." *Anderson v. Akzo Nobel Coatings, Inc.*, 172 Wn.2d 593, 600, 260 P.3d 857 (2011). Summary judgment is appropriate where "there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law." *Horvath v. DBIA Services*, 5 Wn.3d 898, 908, 580 P.3d 969 (2025); CR 56(c).

"To prevail in a legal professional negligence case, the plaintiff client must demonstrate that the outcome of the underlying litigation for which the representation was provided would have been more favorable to the client than the result actually obtained but for the defendant attorney's negligence." *Geer v. Tonnon*, 137 Wn. App. 838, 840, 155 P.3d 163 (2007). The plaintiff must establish four elements:

> (1) [t]he existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred.

*Piris v. Kitching*, 185 Wn.2d 856, 861, 375 P.3d 627 (2016) (quoting *Hizey v. Carpenter*, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992)). Similarly, "[i]n a tort action against attorneys that alleges . . . breach of a fiduciary duty of loyalty during the representation, the plaintiff must allege and identify the source of the duty, that a breach occurred resulting in injury, and that the breach proximately caused the

7

injury." *Arden v. Forsberg & Umlauf, P.S.*, 189 Wn.2d 315, 323, 402 P.3d 245 (2017).

In Washington, both cause in fact and legal causation are encompassed within the element of proximate cause. *Lowman v. Wilbur*, 178 Wn.2d 165, 169, 309 P.3d 387 (2013).[1] "Cause in fact refers to the "'but for" consequences of an act—the physical connection between an act and an injury.'" *Galassi v. Lowe's Home Ctrs., LLC*, 4 Wn.3d 425, 440, 565 P.3d 116 (2025) (quoting *Meyers v. Ferndale Sch. Dist.*, 197 Wn.2d 281, 289, 481 P.3d 1084 (2021)). Legal causation, in turn, "rests on policy considerations determining how far the consequences of a defendant's act should extend." *Paradise Orchards*, 122 Wn. App. at 514. Thus, as noted, causation in this context "boils down to whether the client would have fared better but for the attorney's negligence." *Lavigne v. Chase, Haskell, Hayes & Kalamon*, 112 Wn. App. 677, 683, 50 P.3d 306 (2002).

In granting summary judgment in favor of MDK Law, the trial court relied solely on *Paradise Orchards*. There, attorney George Fearing represented Paradise Orchards in a real estate transaction and drafted several documents related to the transaction. 122 Wn. App. at 511. When the closing fell through, Paradise Orchards sought specific performance from the buyers, but the trial court ruled that the real estate contract Fearing had drafted did not allow for specific performance. *Id.* at 511-12. Paradise Orchards did not appeal the trial court's ruling and instead settled with the buyers and filed a legal malpractice complaint

---

[1] *But see Zorchenko v. City of Federal Way*, 31 Wn. App. 2d 390, 401-04, 549 P.3d 743 (2024) (Feldman, J., concurring) (explaining that cause in fact and legal causation are separate and distinct elements of a negligence claim rather than elements of proximate cause).

against Fearing. *Id.* at 512. The court determined that the trial court in the underlying real estate litigation erred because, contrary to that court's ruling, the contract Fearing had drafted for Paradise Orchards allowed for specific performance. *Id.* at 512. And because the contract allowed for specific performance, it necessarily followed that Fearing did not breach the applicable standard of care nor did he proximately cause harm to Paradise Orchards. Accordingly, the court entered judgment in favor of Fearing. *Id.* at 512-13.

Division Three of this court affirmed. Relevant here, the court held "the trial court correctly reasoned the Franklin County court erred," *id.* at 520, thus confirming that Fearing had not breached the applicable standard of care. The court then concluded:

> Paradise could have challenged the earlier trial court's erroneous memorandum decision. It chose not to do so, thus giving up an opportunity to have the error rectified. Paradise cannot say as a matter of law that the error resulted in the unsatisfactory settlement with Stormy Mountain. Hence, Paradise fails to establish the legal causation element of its legal malpractice claim.

*Id.* at 520. In other words, the court held that, *because Fearing had not breached the applicable standard of care*, Paradise Orchards could not establish the elements of its legal malpractice claim, including causation.

The facts here are distinguishable from those in *Paradise Orchards*. Critical here, there is at least a question of material fact as to whether MDK Law breached the applicable standard of care and, accordingly, caused Minor's alleged damages. During its oral argument in the trial court, MDK Law conceded for the limited purpose of its summary judgment motion that it had breached the standard of care. And Minor presented a plethora of evidence that could establish a breach of the

standard of care, including that MDK Law overlooked or ignored numerous e-mails from opposing counsel, declined an invitation for a CR 26(i) conference, ignored orders from the trial court, and failed to appear to a show cause hearing. Because MDK Law arguably breached the applicable standard of care, the trial court below could not properly conclude as a matter of law (as the court did in *Paradise Orchards*) that Minor's failure to challenge the trial court's decision in the Underlying Litigation precluded it from establishing the causation element of its legal malpractice claims. Accordingly, *Paradise Orchards* does not control the result here.

Despite this, MDK Law argues *Paradise Orchards* is applicable because Judge Keenan erroneously dismissed the Underlying Complaint *with prejudice* when CR 41(b)(1) states, "[a]ny civil action shall be dismissed, without prejudice, for want of prosecution." But Judge Keenan dismissed the underlying lawsuit "[a]s a sanctions [sic] of Plaintiff for failure to prosecute this lawsuit *and* for failing to follow the case schedule." (Emphasis added.) Because dismissal for failing to follow a case schedule is not governed by CR 41(b)(1), Judge Keenan did not err as a matter of law in dismissing the Underlying Complaint with prejudice. The unique circumstances present in *Paradise Orchards* are not present here. MDK law stretches *Paradise Orchards* beyond its facts.

Moreover, even if we were to assume (without deciding) that Judge Keenan erred in dismissing the Underlying Complaint with prejudice, *Paradise Orchards* does not require Minor to seek to have that order vacated under CR 60(b) prior to filing a legal malpractice action. If Minor's damages were caused *solely* by judicial

10

error and not by MDK Law's legal malpractice, *Paradise Orchards* would apply and Minor's damages would not be recoverable from MDK Law. *See Paradise Orchards*, 122 Wn. App. at 520. But "'[t]here may, of course, be more than one proximate cause of an injury, and the concurring negligence of a third party does not necessarily break the causal chain from original negligence to final injury.'" *Estate of Shinaul M. v. Dep't of Soc. & Health Servs.*, 96 Wn. App. 765, 770, 980 P.2d 800 (1999) (quoting *Doyle v. Nor-West Pac. Co.*, 23 Wn. App. 1, 6, 594 P.2d 938 (1979)). Here, as discussed above, there is at least an issue of material fact regarding whether MDK Law breached the applicable standard of care and thereby caused harm to Minor. Unlike *Paradise Orchards*, this issue cannot properly be decided in MDK Law's favor on summary judgment.

Nor does the concurring opinion in *Setterquist v. Law Offices of Ted D. Billbe, PLLC*, 792 Fed. Appx. 428 (9th Cir. 2019), support the trial court's causation analysis, as MDK Law asserted at oral argument.[2] First, *Setterquist* is an unpublished federal decision. As counsel for MDK Law appropriately noted at oral argument, such decisions are, at most, persuasive. *See Kumar v. Gate Gourmet Inc.*, 180 Wn.2d 481, 491, 325 P.3d 193 (2014) ("Federal cases are not binding on this court . . . ."). Second, the concurring opinion's reasoning in *Setterquist* was not shared by the majority opinion, which "concluded that plaintiff's failure to challenge the trial court's decision was not necessarily fatal to establishing proximate causation." 792 Fed. Appx. at 430. Accordingly, contrary to MDK Law's

---

[2] Wash. Ct. of Appeals oral argument, *Minor v. Kimball*, No. 88718-1-I, (July 15, 2026), at 15 min., 20 sec. through 18 min., 22 sec. (on file with the court).

11

argument, the federal court's reasoning in *Setterquist* does not support the trial court's causation analysis.

Lastly, Minor also assigns error to the trial court's order denying its motion for partial summary judgment. That order incorporates the trial court's erroneous discussion of causation and relies on *Paradise Orchards*. *See supra* at section I, quoting the trial court's order. As discussed above, *Paradise Orchards* does not support the trial court's causation analysis. Accordingly, in addition to reversing the trial court's order granting MDK Law's motion for summary judgment, we vacate the trial court's order denying Minor's motion for partial summary judgment and remand Minor's legal malpractice and breach of fiduciary duty claims for further proceedings consistent with this opinion.[3]

Reversed in part, vacated in part, and remanded.

Feldman, J.

WE CONCUR:

Birk, J.

Dwyer, J.

---

[3] As the above discussion indicates, several legal principles are potentially applicable here as defenses to Minor's claims, including concurrent causation and superseding cause. Additionally, in *Bullard v. Bailey*, 91 Wn. App. 750, 759, 959 P.2d 1122 (1998), the defendant attorney argued that this court should "assign fault to Bullard [the former client] for failing to mitigate damages by not seeking to have the Cave settlement [the adverse outcome] vacated under CR 60(b)." We express no opinion as to the applicability of these legal principles and the proper resolution of the parties' claims and defenses on remand.